NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1519
_____

FRANKLIN CHAVEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A099-596-865)
Immigration Judge:  Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2019.

Before:  RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: January 28, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Franklin Chavez, an Ecuadorian citizen, entered the United States in 2002. In 2007, the Department of Homeland Security filed a notice to appear with the Immigration Court, charging Chavez with removability for overstaying his visa. Chavez filed an application for withholding of removal, which was denied. In 2011, the Board of Immigration Appeals (BIA) dismissed his appeal, and in 2012, we denied his petition for review. On August 9, 2018, Chavez filed a motion to reconsider, which the BIA denied. Chavez petitions for review. We will deny his petition.[1]

Chavez argues that, in light of *Pereira v. Sessions*,[2] the Immigration Judge (IJ) lacked jurisdiction over his case because his initial notice to appear did not include the time and date of his removal hearing. He argues that *Pereira*'s reasoning regarding what constitutes a valid notice to appear extends to the jurisdictional context—that is, a notice that omits "time and place information is deprived of its 'essential character,' and, thus, cannot confer subject matter jurisdiction over removal proceedings."[3] During the pendency of his petition, however, we decided *Nkomo v. Attorney General*,[4] which, as Chavez acknowledges in his reply brief, forecloses his *Pereira* argument. In *Nkomo*, we

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a). Because Chavez's "jurisdictional challenge is a purely legal one, our review is plenary." *Nkomo v. Att'y Gen.*, 930 F.3d 129, 132 (3d Cir. 2019).
[2] 138 S. Ct. 2105 (2018).
[3] Pet'r's Br. 8.
[4] 930 F.3d at 129.

held that "*Pereira*'s interpretation of 'notice to appear' [does not] implicate[] the IJ's authority to adjudicate."[5] We will therefore deny Chavez's petition for review.[6]

---

[5] *Id.* at 134. The holding of *Nkomo*, a precedential opinion, is binding on us as a subsequent panel of the Court. *See* 3d Cir. I.O.P. 9.1 (2018).

[6] Because we conclude that Chavez's jurisdictional challenge fails, we need not consider whether his motion was untimely.